IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERMIN SOLIS ANIEL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>T.D. SERVICE COMPANY, et al.,<br><br>Defendants.<br>_____/ | No. C 10-03185 JSW<br><br>**ORDER DISMISSING FOR LACK OF SUBJECT MATTER JURISDICTION** |

On July 21, 2010, Plaintiffs filed a Complaint alleging claims for relief based on alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), California's Rosenthal Act, and claims for Fraud, Wrongful Foreclosure, Declaratory Relief, Injunctive Relief, and Quiet Title. Plaintiffs' claims arise in relation to an foreclosure scheduled for August 21, 2010, relating to Plaintiffs' rental property located at 418 Persia Avenue, San Francisco, CA ("the Property").

On July 21, 2010, the Court issued an Order to Show Cause directing Plaintiffs to show cause why the case should not be dismissed for lack of subject matter jurisdiction, because it had concerns about whether Plaintiffs had stated a viable claim under the FDCPA.[1]

On August 5, 2010, Plaintiffs filed their Response to the Court's Order to Show Cause and also filed an Ex Parte Application for a Temporary Restraining Order, in which they seek to enjoin the foreclosure sale scheduled for August 23, 2010.

---

[1] The parties are not completely diverse, and Plaintiffs' sole basis for asserting federal jurisdiction is their FDCPA claim.

Under the FDCPA, "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out a transaction in which the money, property, insurance or services which are the subject of the transaction *are primarily for personal, family, or household purposes*, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5) (emphasis added). Plaintiffs admit in their complaint that the Property is a rental property and that the tenants have occupied the Property since 1981. (Compl. ¶ 7.) The Deed of Trust and Promissory Note pertaining to the loan in question, however, were not executed until April 2007. Notwithstanding their conclusory allegations at paragraph 39 of the complaint, which the Court is not required to accept as true, Plaintiffs have not alleged facts demonstrating that Defendants are attempting to collect a "debt" under the FDCPA.[2] *Compare Miller v. McCalla, Raymer, Padrick, Cobb, Nichols and Clark LLC*, 214 F.3d 872, 874-75 (7th Cir. 2000) (concluding that plaintiff had stated a claim where, at time loan was originated, plaintiff used the property as personal residence, even though at time of alleged FDCPA violation, plaintiff was renting the property to others).

Moreover, Plaintiffs' allegations relating to the FDCPA claim relate to foreclosure proceedings and courts throughout this circuit have concluded that foreclosure does not constitute "debt collection" under the FDCPA. *See, e.g., Deissner v. Mortgage Elec. Regis. Sys.*, 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009), *aff'd* 2010 WL 2464899 (9th Cir. Jun. 17, 2010); *Landayan v. Washington Mutual Bank,* 2009 WL 3047238, at * 3 (N.D. Cal. Sept. 18, 2009) (citing *Maguire v. Citicorp. Retail Svcs., Inc.,* 147 F.3d 232, 236 (2d Cir. 1998) and *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985)).

Because Plaintiffs have not, and based on the allegations in the Complaint could not, state a viable claim under the FDCPA, that claim is dismissed with prejudice.

//

---

[2] Under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

2

The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and those claims are dismissed without prejudice to pursuing them in state court.  A separate judgment shall issue, and the Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated:  August 9, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

<div style="writing-mode: vertical">**United States District Court**
For the Northern District of California</div>

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FERMIN SOLIS ANIEL et al,

    Plaintiff,

  v.

T.D. SERVICE COMPANY et al,

    Defendant.

                                    /

Case Number: CV10-03185 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 9, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Erlinda Abibas Aniel
75 Tobin Clark Drive
Hillsborough, CA 94010

Fermin Solis Aniel
75 Tobin Clark Drive
Hillsborough, CA 94010

Marc Jason Aniel
75 Tobin Clark Drive
Hillsborough, CA 94010

Dated: August 9, 2010

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

4